**Ying CHEN, Petitioner,**

**v.**

**Alberto R. GONZALES,* Attorney General, Respondent.**

**No. 04-5044-AG.**

United States Court of Appeals, Second Circuit.

Feb. 15, 2006.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Frank R. Liu, New York, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Carl J. Boykin, Assistant United States Attorney, Syracuse, New York, for Respondent.

Present: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order.

Petitioner Ying Chen ("Chen") petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering his removal to China and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

We review an IJ's factual findings under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida-Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). In order to be eligible for asylum, an applicant must show that he is a refugee by "establishing that he is unable or unwilling to return to [his home country] because he experienced past persecution or has a well-founded fear of persecution on account of" one of five enumerated grounds: "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see Liao v. United States Dep't of Justice,* 293 F.3d 61, 66 (2d Cir.2002).

In the present case, the IJ's decision was not supported by substantial evidence. The inconsistencies in Chen's testimony cited by the IJ lend no support to the adverse credibility determination because: (1) Chen maintained that his father treated his injuries in the same manner as he did in a colloquy that was fraught with translation problems; (2) the assumption that Chen's mother would not have him distribute Falun Gong flyers, yet value his physical safety, is conjectural; (3) although the envelope from Chen's mother contained some sort of return address, it was not

demonstrated that this address was relevant to the place of the mother's hiding; (4) the IJ failed to explain why Chen's excuse for his limited knowledge of Falun Gong was insufficient, or what a non-practicing person who distributes Falun Gong materials is expected to know; (5) with one exception, Chen maintained that the police chase occurred on April 22, 2002, and the exception, which occurred during cross-examination, was minor and isolated, *see Alvarado-Carillo v. INS,* 251 F.3d 44, 51 (2d Cir.2001) (finding that minor date discrepancies should not be deemed fatal to credibility); and (6) Chen was not required to introduce documentary evidence regarding his injuries in order to satisfy his burden of proof, *see Diallo,* 232 F.3d at 287 (2d Cir.2000). The additional alleged inconsistencies raised in the Government's brief may not be considered by this Court, as they were not mentioned in the IJ's decision. *See Secaida-Rosales,* 331 F.3d at 305 (this Court may not search the record independently for a basis to affirm the BIA).

For these reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).